UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:_____
DATE FILED: 7/15/2010

PRO SE OFFICE

Amin D. Booker, Plaintiff

-Against-

Luitenant M. Tokarz
Captain M. Royce, Defendants

AMENDED COMPLAINT
under the Civil Rights Act,
42 U.S.C. § 1983

Docket # 10 CV 4796 (RWS)

Jury Trial Demanded

This is an action to redress the violations by the defendants of rights secured to the Plaintiff by the Constitution and laws of the United States, and the State of New York. The defendants retaliated against Plaintiff for filing a greivance, violating Plaintiff first Amendment right by filing false Misbehavior reports, And invoked Cruel And unusual Punishment against plaintiff in violation of his Eigth Amendment right by unlawfully Confining him, depriving him of several rights and priviledges and violated his 14th Amendment right by violating Plaintiff Due Process Right intentionally during the Course of his administrative proceeding hearing for discipline.

## JURISDICTION AND VENUE

1) This Court has jurisdiction over Plaintiffs Federal Claims Pursuant to 42 U.S.C. §1983; 28 U.S.C. § 1331 (A) And § 1343. This Court also has pendent jurisdiction over any/All

state claims pursuant to 28 U.S.C. § 1367(A). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 & 2202

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

2) Pursuant to 42 USC § 1997 e(A), all available administrative remedies concerning each claim raised herein has been completely exhausted, and each step taken fully set forth in the complaint.

## PARTIES

3) At all times mentioned in this complaint, Plaintiff Amin O. Booker (herein-after-Plaintiff) was a prisoner in the care, custody and control of the department of Corrections at the time of the events relevant hereto

4) Plaintiff was previously incarcerated at Green Haven Correction Facility and is currently incarcerated at Upstate Corr. Facility

5) Defendant Luitenant M. Tokarz was at all times relevant hereto, a Luitenant at Green Haven Correction Facility

6) Defendant Captain M. Royce was at all times relevant hereto, a Captain at Green Haven Correction Facility

7) During all times mentioned in this complaint, the defendants, each of them, were duly appointed ranked officers employed in the New York State Department of Correctional Services, acting in their official capacities, they are sued however in their individual capacities.

8) During all times mentioned in this Complaint, the defendants were acting under the color of law of the Constitution, Statute, laws Charter, ordinance, Rules, Regulations, Customs usage and professional judgements of the State of New York Department of Correctional Services.

## FACTS

9) On an unspecified day of May 2008, Plaintiff was serving ice to inmates as part of his facilities' porter task.

10) Defendant Tokarz felt plaintiff was giving inmate Ellis too many scoops of ice and ordered plaintiff to lock into his cell, And he directed the block officer Ms. Marshall to issue Plaintiff a misbehavior report.

11) Officer Marshall locked plaintiff in his cell for that night but did not issue him the misbehavior report, she determined plaintiff had not violated any rule

12) On Friday May 23rd, 2008 defendant Tokarz called plaintiff to an interview room to interview him in regards to a greivance filed against Sgt. Kingston, in an unrelated matter.

13) At the interview, defendant Tokarz was upset as he noted that plaintiff wasn't written a misbehavior report concerning the ice incident, And he explicitly told plaintiff that he is dismissing the greivance.

14) Plaintiff asked the LT. would he atleast investigate the

incident & speak to the persons who were present when the incident occured

15) LT. TOKARZ became extremely angry and violently told plaintiff that he "is not investigating shit, that he believes Sgt. Kingstons' version of the incident, And that neither is himself or Sgt. Kingston going to be bowing down to Any Fucking write ups." He then told plaintiff that "if he dares to write a greivance against him, that he would personally see to it that plaintiff gets fucked up so bad, and that the greivance would only go to a captain and it will be dismissed as the same way he is dismissing the current greivance, because Green Haven is his house."

16) ~~On June 2, 2008 Plaintiff filed a grein~~
16) On May 23, 08 defendant Tokarz wrote a false Memorandum stating that he interviewed plaintiff in regards to the greivance And that plaintiff "had nothing to add, & provided no witness." Thus he is dismissing the greivance.

17) On June 2, 2008 plaintiff filed a greivance/complaint against Tokarz, explaining everything to the superintendent that Tokarz said and done in the interview room.

18) On June 9, 08 defendant Tokarz came to exact retaliation against plaintiff, approached plaintiff with a second officer, searched plaintiff, ordered him to strip, and then escorted him to (S.H.U) special housing unit

19) On June 10, 08 defendant was issued a false misbehavior

report Alleging that he admitted to possessing marijuana, and on his person, a leafy substance was recovered, & tested positive for marijuana.. The misbehavior report was endorsed by LT. Tokarz

20) On June 10, 08 Plaintiffs greivance investigation Captain, Royce, Confered with Tokarz about the Complaint, Tokarz then provided him a false Memorandum where he now intentionally fabricated the events of May 23rd, stating A complete different version of his initial May 23, rd Memo.. He now wrote " Plaintiff made negative Comments about Sgt. Kingston and that he ordered plaintiff out the room in a stern manner." Royce & Tokarz agreed to this fabrication in order dismiss Plaintiffs greivance as unsubstantiated.

21) On June 12, 08 defendant Royce interviewed Plaintiff in regards to his greivance, pretending that he had no Knowledge of the incident.

22) Plaintiff pleaded with Royce, explaining that Tokarz has placed him in S-H-U, and filed a false misbehavior report against him because he filed the greivance... Royce said that he would look into the matter but he never did

23) On June 18, 08 Royce Commenced Plaintiffs tier III superintendent hearing for the marijuana charge. Plaintiff objected, asking Royce to Recuse himself from being hearing officer because it would present an inherent Conflict of interest, because Royce is investigating the greivance filed against Tokarz and Plaintiff defense at hearing is that Tokarz failored A false Misbehavior report in retaliation for the filing of the greivance, thus Royce Could not preside as A fair & impartial hearing officer as required by law... Defendants Royce And Tokarz intentionally & knowingly set up the investigation & hearing in a manner with a willful intent to harm plaintiff and Cause him to suffer the loss of his Constitutional protections in violation of well established Policies, Procedures & Regulations of N.Y.S.

24) Defendant Royce would not recuse himself, and he adjourned the hearing whereupon he rendered a decision dismissing plaintiffs greivance against Tokarz, And he specifically did not include in his investigation report, that Tokarz has confined plaintiff and issued a false Misbehavior report, nor any of the matters plaintiff addressed to him at the interview.

25) On July 15, 08 Royce continued the proceeding of the tier III disciplinary hearing

26) Throughout the hearing, def. Royce proved to be bias and partial in favor of the officers, in violation of New York State D.O.C. directive, Statutes & rules & regulation policies... He would not require for a proper foundation to be laid for the use of drug test result.. Such foundation is the basis of due process in this proceeding, as well as departmental policies.. He knew that no such drug was existing as Misbehavior report alleged.

27) M. Royce answered evidentiary questions for officers that were witnesses, when plaintiff asked [them] the questions.. He refused to allow plaintiffs witnesses to answer questions that were relevant to his defense.. He would not provide plaintiff plaintiff with the drug "test procedure form" although it was a mandatory requirement for the hearing evidence. & Plaintiff requested.

28) Defendant Royce ignored the fact that Def. Tokarz gave two different descriptions of the May 23rd, 08 interview for the benefit of both greivance dispositions.. He knowingly dismissed plaintiffs greivance against Tokarz so that he could find plaintiff guilty of the tier III hearing to be consistent with his greivance findings.

29) On July 18, 2008 Royce found plaintiff guilty of the Marijuana

charge and imposed a penalty of 3 months S.H.U. Confinement, 3 months (90 days) loss of Commissary, 90 days loss of packages, 90 days loss of phones, and six months loss of good time credit.

30) Plaintiff was then referred to be disciplinary transferred to a disciplinary facility that was a 12 hour ride for his family & loved ones to visit him. The transfer was further retaliation for filing the complaint/greivance and deprivation of his rights at the hearing.

31) On July 30, 08 the C.O.R.C. Central office denied Plaintiffs greivance against Tokarz, despite Plaintiffs descriptive facts presented.

32) On August 1, 2008, defendants Tokarz & Royce arranged for several officers to take all of plaintiffs personal property out of the S.H.U. Storage area, (12 draft bags, & 1 Storage Bin). They returned only 9 of plaintiffs bags on August 9, 2008. Stealing in excess of two thousand dollars worth of plaintiffs personal property and personal family photographs, And legal documents, records & transcripts

33) This process was not common, nor facility procedure and Plaintiff was not provided with names of the persons(s) who authorized this action

34) On August 5, 2008 Plaintiff was issued a second false misbehavior report charging him with possesing gang related photographs, greeting card, & letter, the report charged that while plaintiffs property bags were searched, an officer Williams found these items on August 4, 2008.

35) ~~On August 1, 2008 defendant Royce commenced the~~ [crossed out]

35) On August 5th, 08 Plaintiff learned that the charge 105.13 Gangs, was not a ~~charge~~ published charge in the departments standards of inmates behavior rule book, And he requested his tier III assistant, Counselor Ms. Skaruia, to search the security dept. log book, as well as plaintiffs previous & current cell block log books, (A-B1K & S.H.U.) to find out if the rule was given to plaintiff and/or other inmates, And to make copies of all of the log entries & provide the copies to plaintiff. Upon her search & investigation, there was no log entries of this in those locations, And she learned that the rule was not given out to plaintiff or others.

36) On August 14, 08 Royce commenced the tier III hearing in regard to the gang charge report. Plaintiff objected to him presiding over the hearing and moved for dismissal of the report on the grounds that the rule is not published, And plaintiff was not made aware of the rule pursuant to Correction Law 138(1)(2)(3) & (5)

37) Royce stated that plaintiff was given notice. Plaintiff then provided him the investigation report of his assistant, validating that the rule was not given to him, And there are no log entries upon her personal search of the areas.

38) Royce then removed himself from hearing officer status, in violation of D.O.C. policies & regulations, And stated he would go find a log entry his-self, & adjourned the hearing

39) Royce visited plaintiffs previous housing location, opened the log book to page 91 and he willfully inserted a false entry stating "1200 Amendment to standards of inmate behavior passed out to all inmates". He maliciously back dated & falsified this entry to a date that plaintiff was housed in A-B1K on 5-18-08

40) Royce falsified this entry with intent to harm plaintiff, And deprive him of his constitutional rights by making it appear as if plaintiff actually received the rule of 105.13 gang, just so Royce could avoid dismissing the misbehavior report against plaintiff

as the law required, since plaintiff had not been given notice of the rule (In violation of D.O.C.S. employee manual 3.4 Falsifying documents)

41) On or about August 17, 08 Royce continued the hearing and provided plaintiff with the falsified log entry. Plaintiff noticed the conflicting hand writing between that particular entry, against the rest of the entries on the page, along with the displaced time of 1200, when the page entries were between 9:40 pm - 11pm, and plaintiff requested to call the person who allegedly made the entry as a witness.. Royce adjourned the hearing.

42) On or about August 20, 08, Royce had two officers escort plaintiff from his cell into an interview room in the S.H.U. area.. He threateningly explained to plaintiff that plaintiff is pissing himself & Tokarz off with this greivance & Appeal shit, that things are going to get much worse if plaintiff greives again, or make F.O.I.L. request (Plantiff had FOIL request the watch commander log books pertaining to the alleged Gang memo distribution to inmates).. He explained that he would not present any writer of the log entry, and that plaintiff bought these Misbehavior reports upon himself for writing these damn greivances & Appeals, that Green Haven is their house and they won't bow down & their next strike will be physicall harm.

43) He then told plaintiff that today is the last chance, that plaintiff must not write another greivance about this, and must change his plea of not guilty to guilty, waive his request for witnesses at the continuation of the hearing, and that in turn, he would withdraw his witnesses, and give plaintiff a light penalty, and he would see about getting plaintiffs missing property back.. He held this entire meeting off of the record

44) On August 29, 08 defendant Royce then bought the tape recording and plaintiff withdrew his witness request, changed his plea to guilty as Royce threatened him to, and Royce sentenced plaintiff to counsel reprimand... He did not return plaintiffs stolen property

45) Plaintiff later appealed that decision and it was administratively reversed.

46) As a result of plaintiffs S.H.U. confinement for the above false charges, his family ties were severely severed, where as plaintiff sister previously visited consistently, once a week if not more, delivered food packages once a month, 35 lbs, for the better part of two years, & she now believed plaintiff engaged in jail house contrabands, and completely stopped visiting plaintiff... Other friends and family members found it too inconvenient to visit plaintiff under the strict S.H.U. visit conditions, and his ensuing transfer that required 12 hours drive to complete in Comstock, where it was previously, a 3 hour drive to & from a visit at Green Haven Correction Facility.

47) Plaintiff was deprived of all access to his religious services, holy day of worship, grooming utensils, his prayer rug, & religous materials, prayer services, Jumah, fellowship with his religous community as plaintiff is a devoted muslim... Plaintiff was deprived of all of these required practices as a direct result of defendants wrongfully confining him, & depriving him of these practices intentionally & maliciously, during his entire 90 days confined.

48) Plaintiff served the full term penalty imposed for the initial charge of marijuana, penalty imposed

by defendant Royce. That disciplinary sanction, however, was subsequently reversed by the Appellate Division, Third Department Supreme Court on April 26, 2010

49) Defendant Tokarz visited plaintiffs cell in S.H.U. on three occassions where upon he taunted plaintiff by telling him, "I told you I would get you, I told you that this is my jail, my house, but you had to be stupid and write the greivance and try me didn't you."

50) Plaintiff filed greivance and claim forms for all of his property being stolen and appealed the greivance committees responce to the highest administrative office, yet his property was never returned, plaintiff requested to attend Jummah services, & his prayer rug on several occassions, & each time he was denied.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

Defendant Luitenant M. Tokarz violated plaintiffs First Amendment right to file greivance to seek redress, when he retaliated against plaintiff by filing & having filed false misbehavior report on plaintiff & placing him in solitary confinement because plaintiff did file a greivance complaint against Tokarz

### SECOND CAUSE OF ACTION

Defendant Lt. Tokarz and Captain M Royce violated plaintffs civil and constitutional right as garaunteed

by the Eigth Amendment to be free from cruel and unusual punishment by having false misbehavior reports issued against plaintiff, wrongfully confining plaintiff as a direct result of the defendants intentional acts to violate a protected constitutional right

## THIRD CAUSE OF ACTION

Defendant M. Royce violated plaintiffs civil and constitutional rights as garaunteed by the 14th Amendment by violating plaintiffs Due process Right when he intentionally denied to conduct the disciplinary hearing in a fair & impartial manner, where he knowingly labored under an inherent conflict of interest, withheld evidence from plaintiff & the hearing process - that was required in order for him to make an informed determination to deprive plaintiff of further constitutional protected rights, and he failed to conduct the hearing in the manner prescribed to him by N.Y. State statute, laws and departmental guidlines, rules & regulations.

## FOURTH CAUSE OF ACTION

Defendants Royce and Tokarz knowingly and willfully violated plaintiffs First and Eigth Amendment Rights where they in concert exacted retaliation on plaintiff for his filing and appealing greivance & greivance responce against Tokarz, by filing and/or having false misbehavior reports written against him, wrongfully confining him, filing fabricated memos for purposes of denying plaintiffs grievances, and where def. Royce further falsified log entries for the purpose of maliciously penalizing plaintiff at a disciplinary hearing, and stealing plaintiffs

personal property, and subjecting plaintiff to disciplinary transfers, severing his family ties, lost of rights & privilidges placing hardship on plaintiff

## FIFTH CAUSE OF ACTION

Defendants M. Royce and M. Tokarz violated plaintiffs Civil and Constitutional rights of the First Amendment by depriving plaintiff access to participate and practice his religion, by depriving him access to his religous services, Holy day of worship, Community fellowship, study group classes, Prayer services, access to his prayer rug, his duty to groom his self as is required by his Islamic religion, access to his grooming utensils & religous material, when they intentionally retaliated, & deprived him of due process, wrongfully confined him to S.H.U. and restrictive policies were forced upon him for 90 days

## CONCLUSION

Plaintiff has no other remedy to adress this matter and is agrieved thereby.

Plaintiff is seeking Compensatory, Punitive, & Exemplary damages in the amount of $800,000.00

Plaintiff is further seeking that defendant Lutienant M. Royce who's conduct & intentional unconstitutional acts, be stripped of his official or representative character, and that his malicious retaliatory conduct be

documented in his employees file indefinitely, and that he be relieved of his employee status, or in the Alternative, demoted from his high ranking Lutienant office.

Plaintiff further seeks that defendant Captain M. Royce, who's intentional malicious acts are unconstitutional, be stripped of his official or representative character, and that his criminal conduct be documented in his employees record definitely, that he be relieved of his employee status, or in the Alternative, demoted from his high ranking Captains office.

That bothe defendants undergo the full consequences that the law provides for any person, peace officer, or civilian who file false reports, or alter official documents intentionally for the purpose to harm another human being, & deprive that human being of their constitutional rights..

Such actions violate Penal law § 210.15, perjury, false reports ect., and should not be tolerable by a high ranking official of the New York State department of Corrections.

Plaintiff further seeks any/all other relief that this court deems just and proper.

I declare under the penalty of perjury of the United States of America that the foregoing is true and correct.

DATED: July 5, 2010                     respectfully x  Amin Booker
                                                       Amin Booker